UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KELVIN WAYNE STALLION,

        Plaintiff,

v.                                        Case No. 08-CV-503

STEVEN ZEEHANDALER,

        Defendant.

_____

## ORDER

On June 10, 2008, plaintiff Kelvin Stallion filed this action against defendant Steven Zeehandaler. A plain reading of Stallion's complaint discloses a classic case of an attempted collateral attack on a default money judgment obtained by Zeehandaler against Stallion in the Franklin County Ohio Municipal Court located in Columbus, Ohio. Stallion alleges that this judgment totaling $2,063.02 was entered against him without his knowledge on November 1, 2005. Stallion accompanied his complaint with a motion to proceed *in forma pauperis*.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in *forma pauperis*, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins,* 335 U.S. 331, 339 (1948).

The plaintiff's petition for leave to proceed *in forma pauperis* indicates that he is currently unemployed and has no savings, property, or income. Thus, according

to the petition, the plaintiff appears unable to pay the filing fee in connection with this action. However, in connection with reviewing Stallion's motion to proceed *in forma pauperis,* the court is also obliged to review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss the action in its entirety if it is readily apparent the complaint lacks any merit.

The U.S. Supreme Court in *Neitzke* noted that a litigant proceeding *in forma pauperis* whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. To prevent such abusive or captious litigation, 28 U.S.C. § 1915(e)(2)(B) directs federal courts to analyze the claims advanced in the plaintiff's complaint and dismiss them if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 324; 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to review state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also Long v. Shorebank Development Corp.*182 F.3d. 548, 555

(7th Cir. 1999). Pursuant to these holdings, this court is without jurisdiction to review the judgment of the Ohio court referenced in Stallion's complaint, which is the only ground he sets forth in his complaint. Therefore, the court is obliged to dismiss Stallion's action and deny his motion to proceed *in forma pauperis* as moot because it is clear on the face of Stallion's complaint that he fails to state any claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that Stallion's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that Stallion's complaint (Docket #1) be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge